## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

AVID SPORTSWEAR LLC,
f/k/a NT Partners, LLC,

      Plaintiff,

v.                            Case No.:  8:23-cv-01981-TPB-JSS

GMPC, LLC,

      Defendant.

_____/

### DEFENDANT'S MOTION TO DISMISS OR STAY
### AND MEMORANDUM OF LAW

Defendant, GMPC, LLC ("GMPC"), by and through its undersigned counsel and pursuant to Rules 12(b)(3), 12(b)(6), 8(a)(2), 10(b), Federal Rules of Civil Procedure, files this Motion to Dismiss Or Stay and Memorandum of Law and states:

### INTRODUCTION

GMPC filed suit against Avid Sportswear, LLC ("Avid") in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida on July 21, 2023.  In excess of one month later, Avid filed its Complaint with this Court and its Motion to Dismiss on venue grounds in the Circuit Court.  On October 17, the Circuit Court heard and denied Avid's Motion to Dismiss, finding proper venue in state court.  Avid's Complaint is an impermissible challenge to Circuit Court jurisdiction and venue.  Venue is also improper in this Court.

1

Further, the respective pleadings in the state and federal court litigation involve both identical and substantially similar claims arising out of the parties' contractual relationship. Accordingly, dismissal is proper under the *Colorado River* doctrine. This Court should allow the state court decide the parties' disputes or, alternatively, this Court should stay this action until resolution of the state court case.

If this Court does not dismiss or stay this matter for the reasons above, this Court should dismiss Avid's Complaint on other grounds. First, Avid's Complaint is an impermissible "shotgun" pleading that fails to state a cause of action. The 119 paragraphs of General Allegations are replete with conclusory, vague, and immaterial allegations that Avid then incorporates by reference in each of its 17 Counts. The Complaint is incomprehensible because one cannot determine the actual allegations for each Count. Second, even ignoring the incomprehensible nature of Avid's Complaint, numerous individual Counts fail to state a cause of action and dismissal is required.

## BACKGROUND

### A. GMPC's Previously Filed State Court Action.

1.      On July 21, 2023, GMPC filed a four count Complaint against Avid for multiple breaches of the Merchandising License Agreement, as amended and Equity

#19559968v1

Incentive Agreement, as amended, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (the "State Court Action").[1]

2.      The State Court Action—*GMPC, LLC v. Avid Sportswear, LLC,* Case No. 23-CA-13966—is pending in General Civil Division "L" or the Complex Business Litigation Division ("CBLD").  The CBLD is a specialized Business Court subdivision that hears select case types and uses its own Complex Business Procedures (in addition to the Florida Rules of Civil Procedure).

3.      On September 1, 2023, Avid filed a Motion to Dismiss in the State Court Action on the exclusive basis of improper venue.

4.      The same day Avid filed a Motion to Dismiss in the State Court Action, Avid also filed its 51-page Complaint against GMPC in this Court for claims arising out of the same agreements.

5.      On September 22, 2023, GMPC filed its Response to [Avid's] Motion to Dismiss in the State Court Action.

6.      On September 29, 2023, Avid filed its Reply In Support of Motion Dismiss in the State Court Action.

7.      On October 17, 2023, Judge Farfante (the current presiding Judge of the CBLD) conducted a 30-minute hearing, received argument, and denied Avid's

---

[1] *GMPC, LLC v. Avid Sportswear, LLC,* Case No. 23-CA-13966, Division L.  Division L is the Complex Litigation Division.

#19559968v1

Motion to Dismiss. Judge Farfante directed Avid to file an Answer within twenty (20) days; directed counsel to confer and submit a Case Management Report and a (proposed) Case Management Order; and, directed counsel to stipulate to a trial date to permit entry of an Order Setting Trial and Pre-Trial Conference.

8.     The parties set a mediation conference for November 15, 2023.

**B.  The Complaints: An Issue & Claims Comparison**

9.     Identical to GMPC's Complaint in the State Court Action, Avid's Complaint exclusively involves claims regarding the Merchandising License Agreement and Equity Incentive Agreement, as amended.

10.    Indeed, multiple causes of action are either identical or substantially similar in both Complaints. For example, both Complaints contain a declaratory relief count to determine the Merchandising License Agreement termination date. As further example, GMPC pleads a breach of contract action due to Avid's failure to issue GMPC its vested equity, and, Avid seeks declaratory relief on the equity earned by GMPC.

**C.  Avid's Federal Court Complaint**

11.    Avid's Complaint contains 17 Counts, and Avid incorporates by reference the first 119 paragraphs into each of the 17 Counts. Doc. 1, ¶¶ 120, 130, 142, 147, 152, 156, 160, 165, 170, 180, 192, 198, 203, 208, 217, 224 & 232.

12.     The wholesale incorporation by reference includes, *inter alia*, what Avid alleges are "uncured [contract] breaches" by GMPC.  *Id.,* ¶¶ 51-66.  The so-called "uncured [contract] breaches" are incorporated by reference in not only four separate breach of contract counts, but are also incorporated in counts for declaratory relief, unjust enrichment, conversation, breach of implied covenant of good faith and fair dealing, FDUPTA, and other counts.

13.     Avid's Complaint is a "shotgun" pleading and fails to state a cause of action.

## MEMORANDUM OF LAW

### A. This Court Should Dismiss Avid's Complaint Because Venue Exists State Court Action.

This Court should dismiss Avid's Complaint due to the State Court Action for two independent reasons.  First, Judge Farfante determined the Circuit Court of Hillsborough County is a proper forum to litigate the parties' disputes arising out of the agreements.  Second, *Colorado River* and its progeny, as applied to the present issues, instruct this Court should not exercise jurisdiction.

### i.     State Court is a Proper Forum

On October 17, 2023, Judge Farfante denied Avid's Motion to Dismiss, finding the Hillsborough County Circuit Court is a proper forum.  The state court ruling followed Avid's Motion, GMPC's Response, Avid's Reply, oral argument, and the Court's examination of forum selection clauses in four operative agreements:

#19559968v1

- the Merchandising License Agreement (the "MLA");

- the Equity Incentive Agreement (the "EIA");

- the Second Amendment to Merchandising License Agreement and First Amendment to Equity Incentive Agreement ("First Combined Amendment"); and,

- the Third Amendment to Merchandising License Agreement and Second Amendment to Equity Incentive Agreement ("Second Combined Amendment," and together with the First Combined Amendment, the "Combined Amendments").

Judge Farfante rejected Avid's venue arguments for multiple reasons and the State Court Action will proceed.

Avid waived its right, if any, to continue this litigation in this forum. Pursuant to the forum selection clauses in the MLA and Combined Amendments drafted by Avid or its counsel, the parties agreed to "waive any jurisdictional or venue defenses otherwise available to it" of all disputes. Doc. 1, Ex. C at p. 13, Section 16.2; *Id.* at p. 34, Section 2; *Id.* at p. 40, Ex. 2; *see also* Declaration of Steve Wegner. Avid's September 1 filings—Motion to Dismiss (state court) and Complaint (federal)—collectively challenged litigation in the Circuit Court. Based on the Circuit Court's ruling and the agreements' language, this Court should find Avid waived any right to litigate the same subject matter in this forum.

#19559968v1

## ii.    Improper Venue

Venue is improper in this Court (even ignoring the state court ruling and waiver).  The forum selection clauses drafted by Avid or its counsel refer to "courts located in Hillsborough County, Florida."  *See id.*  This language is ambiguous; a court construes ambiguous forum selection against the drafter; and, even similar jointly drafted language requires trial in state court.  *See Dura-Cast Products, Inc. v. Rotonics Manufacturing, Inc.,* 2010 WL 11508142 (M.D. Fla. Aug. 5, 2010).

In *Dura-Cast,* Judge Bucklew found a jointly drafted "courts of the state of Florida" forum selection clause ambiguous and mandated trial in state court.  *Dura-Cast,* at *2.  "Normally, in such a situation, a court is simply able to construe the ambiguity against the drafter," however, Judge Bucklew could not apply this principle to the jointly drafted document in *Dura-Cast*.  *Id.*  Here, unlike *Dura-Cast*, Avid or its counsel prepared the forum selection clause and for its benefit[2] (*see* Declaration of Steve Wegner), and this Court should construe the ambiguity against Avid and find venue is proper only in the Circuit Court.  Even if Avid argues the forum selection clause language was jointly drafted, "the forum selection clause [language] mandates that this suit be tried in state court."  *Dura-Cast,* at *2.

Accordingly, Avid's Complaint should be dismissed for improper venue.

---

[2] Avid is a Florida limited liability company and its principals reside in Tampa; GMPC is a foreign entity.  *See* Doc. 1, ¶¶ 6 & 7.

### iii.    The *Colorado River* Doctrine

Even in the absence of a finding of waiver or improper venue, this Court should nonetheless refuse to exercise jurisdiction.  The *Colorado River* Doctrine applies when concurrent state and federal court jurisdiction exists and the three traditional abstention doctrines are inapplicable.  *See Gold-Fogel v. Fogel,* 16 F. 4th 790, 799 (M.D. Fla. 2021).  When such circumstances exist, as they do here, "principles of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' may allow a federal court not to perform its otherwise 'virtually unflagging obligation…to exercise the jurisdiction given' it." *Id.,* at 799-800 *quoting Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 817 (1976).  The court uses a two-step analysis, including an eight-factor test in step two of the analysis. *Id.,* at 800.

*Step One.*  The Court determines whether the "federal and state proceedings involve substantially the same parties and substantially the same issues." *Id.,* at 800 *citing Ambrosia Coal & Constr. Co. v. Pages Morales,* 368 F. 3d 1320, 1330, 130 n. 21 (11th Cir. 2004).  Here, the federal and state proceedings involve identical parties.  Further, both proceedings involve substantially the same issues since all issues arise out of the agreements, as amended, and the parties' conduct relative to the agreements, as amended.  Indeed, certain issues are not just substantially similar, but identical, in the proceedings.  Accordingly, the first step is satisfied.

8

#19559968v1

*Step Two.*  Application of the eight-factor test compels the conclusion the federal court should not exercise jurisdiction.  As explained below, no factor favors the federal court to exercise jurisdiction and multiple factors either favor, or, heavily favor, state court jurisdiction only.

| | FACTOR | ANALYSIS |
|---|---|---|
| 1 | Whether one of the courts has assumed jurisdiction over the property | Neutral. |
| 2 | The inconvenience of the federal forum | Neutral.  The courts are in close proximity. |
| 3 | The potential for piecemeal litigation | **Heavily favors state court jurisdiction.**  Certain claims and issues are not only substantially similar but they are identical.  The potential exists for not a race to the courthouse, but a race inside each respective courthouse to decide issues.  This may result in motion practice race where a party seeks a particular court decide a particular issue first.  Further, one court may decide a particular issue that impacts a pending motion or claim in another court.  Due to the identical claims before each court, there is potential for collateral estoppel, and litigation surrounding whether a specific ruling in one court is, in fact, collateral estoppel or not. |
| 4 | The order in which the fora obtained jurisdiction | **Heavily favors state court jurisdiction**.  GMPC filed its Complaint first. |
| 5 | Whether state or federal law will apply | **Favors state court jurisdiction.**  The claims involve state law.  Even Avid's federal claims involve state law because they are premised on the parties' contractual obligations. |
| 6 | The adequacy of the state court to protect the parties' rights | **Heavily favors state court jurisdiction.**  The State Court Action is pending in the |

| | | |
|---|---|---|
| | | Complex Business Litigation Division The Complex Business Litigation Division is a specialized division of the Circuit Court whose sole directive is to address these types of dispute. *See* Administrative Order S-2013-021. Judge Farfante, who resides in the Complex Business Litigation Division, is a well-respected jurist by the legal community that routinely handles complex case involving both state and federal law issues. |
| 7 | The vexatious or reactive nature of either the federal or state court litigation | **Heavily favors state court jurisdiction**. The vexatious and reactive nature of Avid's Complaint is both self-evident and addressed in greater detail throughout this motion. Avid filed its Complaint with full knowledge of the State Court Action. Avid used the time extension granted by GMPC to respond to the state court complaint to prepare and file its state court motion to dismiss and federal court complaint on the same day. Avid's Complaint contains identical and substantially similar claims to GMPC's Complaint. Avid's Complaint is a "shotgun" pleading that also contains repugnant allegations. Avid consented to jurisdiction and venue in state court in the at issue agreements, as amended. Avid's Complaint is the textbook example of a vexatious and reactive pleading. |
| 8 | Whether the concurrent cases involve a federal statute that evinces a policy favoring abstention | Neutral. |

The weight the Court provides to any single factor may vary greatly depending on a case-by-case basis. *Gold-Fogel,* at 800. Here, Avid is clearly forum shopping. Instead of filing its claims in the State Court Action, Avid filed a Complaint that asserts identical claims and issues raised in GMPC's first-in-time state court Complaint. While all factors favor GMPC or are neutral, this Court should give great weight to the third, fourth, and seventh factors and decline to exercise jurisdiction.

Here, Counts I and II of Avid's Complaint seek declaratory relief on the identical issues presented in Counts I (Breach of Contract—Failure to Issue GMPC's Vested Equity Incentives) and IV (Declaratory Judgment: Termination Date of MLA). In *Ameritas v. Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005), the Eleventh Circuit, quoting the U.S. Supreme Court, wrote:

> it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.

*Ameritas,* at 1330 *quoting Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 495 (1942). "[G]ratuitous interference with the orderly and comprehensive disposition of state court litigation should be avoided." *Gold-Fogel,* at 797 *quoting Brillhart*, 316 U.S. at 495. As stated above, the State Court Action will proceed.

#19559968v1

In summary, this Court should dismiss Avid's Complaint. Alternatively, this Court should stay Avid's Complaint until resolution of the State Court Action. In the event this Court does not dismiss or stay Avid's Complaint for the reasons in this section, GMPC sets forth additional reasons why this Court should dismiss Avid's Complaint in the successive sections below.

### B. Avid's Complaint is an Impermissible "Shotgun" Pleading and Should be Dismissed.

Avid's Complaint is an impermissible "shotgun" pleading. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); *see also, Barmapov v. Amuial,* 28 Fla. L. Weekly Fed. C2402a (11th Cir. 2021) (affirming district court's dismissal with prejudice of "a rambling, dizzying array of nearly incomprehensible pleading"). "When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Id.* at 1296.

In *Weiland v. Palm Beach County Sheriff's Office*, 792 F. 3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of impermissible shotgun pleadings that violate Rule 8(a)(2), Rule 10, or both. Avid's Complaint possesses elements of both the second and third type of shotgun pleadings discussed in *Weiland*.

> The [second] type…is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.

*Id.* at 1322–23.

The Complaint is "replete with conclusory,[3] vague,[4] and immaterial[5] facts not obviously connected to any particular cause of action." Further, multiple conclusory allegations are contradicted and, thus, negated, by the Complaint's exhibits. "Where a plaintiff attaches documents and relies on the documents for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *N.P.V. Realty Corporation v. Nationwide Mutual Ins. Co.,* 2011 WL 4948542, *3 (M.D. Fla. 2011). For example and without limitation,

- Paragraph 34's allegation that "in keeping with the spirit of the agreement that Avid retained brand control" is negated by the terms of the MLA, as amended;

- Paragraph 35's allegation that Section 1.5.5 of the MLA required "GMPC obtain AVID's written *preapproval*" is negated by the plain language of Section 1.5.5 that requires no "preapproval."

---

[3] (*See, e.g.,* Doc. 1, ¶¶ 34 ("written preapproval" allegation), 35, 38, 52, 91).
[4] (*See, e.g.,* Doc. 1, ¶¶ 32, 34, 51, 55, 65, 66, 80).
[5] (*See, e.g.,* Doc. 1 ¶¶ 14-16, 19-21, 48-49, 54-63). Paragraphs 54 through 63 allege six purported contract breaches but not one of the six alleged breaches forms a basis for any of the five Counts for breach of contract. *Compare* Doc. 1, ¶¶ 54-63 *with* Counts III, IV, VII, VIII, and XII.

- Paragraph 91's allegation that Avid "advised...[the MLA]...would be terminated in 30 day if GMPC failed to cure" is negated by Exhibit E.

- Conclusory assertions regarding Avid's purported right to the NuOrder platform in paragraphs 103 and 104 find no support in the MLA, as amended. Furthermore, the conclusory NuOrder allegations evidence a complete and utter lack of understanding of how the NuOrder platform operates.

Avid's Complaint also "commits the sin of not separating into a different count each cause of action or claim for relief." Rule 8(a)(2), Federal Rules of Civil Procedure, requires "a short and plain statement of the claim showing the pleader is entitled to relief." Yet, Avid's Complaint incorporates by reference the same 119 paragraphs of general allegations in each of the 17 Counts, including a litany of purported contractual breach allegations (Doc. 1, ¶¶ 51-66 & 84-93) into causes of action for declaratory relief, unjust enrichment, conversion, breach of implied covenant of good faith and fair dealing, FDUPTA, trademark, cybersquatting, and other counts.

The Federal Rules demand pleading clarity. Rule 10(b), Federal Rules of Civil Procedure, requires "each claim founded on a separate transaction or occurrence...be stated in a separate count..." Here, it not possible to determine the actual allegations Avid contends supports and entitles it to relief for each of the purported 17 causes of action. Avid's purported reliance on identical allegations in support of causes of action

14

for declaratory relief, breach of contract, unjust enrichment, conversion, breach of implied covenant of good faith and fair dealing, FDUPTA, trademark, cybersquatting, and other counts, is improper and creates incomprehensible causes of action.

In summary, Avid's Complaint is a "shotgun" pleading and should be dismissed.

### C. The Counts Fail to State a Cause of Action

In addition to the incorporation by reference issue which, itself, results in each of the 17 Counts failing to state a cause of action, this section identifies additional reasons why specific Counts in Avid's Complaint fail to state a cause of action.

### i.    Counts IV, V, and VI

Counts IV, V, VI purport to assert different legal causes of action for GMPC's purported "sale to unauthorized accounts." *See* Doc. 1, ¶¶ 147-151 (breach of contract); 152-155 (unjust enrichment); 156-159 (conversion). Avid's Complaint relies on the same facts for each Count and simply attaches a formulaic label to differentiate each Count.

Count IV fails to state a cause of action for breach of contract because paragraph 149 is a conclusory statement without factual support to establish a material breach. The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages. *J.J. Gumberg Co. v. Janis Services, Inc.*, 847 So.2d 1048, 1049 (Fla. 4th DCA 2003). The Complaint fails to identify a single

product sold to any specific company, customer, or vendor either outside the "agreed Distribution Channels" or "within unauthorized channels." *See* Doc. 1, ¶ 149. Further, Avid's claim of entitlement to the "full amount of any sales to such [unidentified] accounts or through unauthorized channels" violates and is repugnant to the contract Avid relies on to assert the cause of action. *See* Doc. 1, ¶ 34 (Per the Licensing Agreement, GMPC agreed to pay Avid "twenty percent of GMPC's sales of Avid's goods."

Count V fails to state a cause because an unjust enrichment cause of action cannot exist in the presence of a written contract regarding the same subject matter. *See Poe v. Levy's Estate,* 411 So.2d 253, 256 (Fla. 4th DCA 1982)(affirming trial court's dismissal). Paragraph 152 incorporates by reference numerous contract allegations in the first 119 paragraphs of general allegations, including paragraph 52 that expressly alleges the purported sales violated "section 1.5.5 of the Licensing Agreement."

Count VI fails to state a cause of action. As a matter of law, a conversion cause of action cannot exist when the parties have a contract dispute over the amount owed and no fraud is involved. *See Douglas v. Braman Porsche Audi, Inc.,* 451 So. 2d 1038 (Fla. 3d DCA 1984); *Pathway Financial v. Miami Inter. Realty Co.,* 588 So. 2d 1000, 1004 (Fla. 3d DCA 1991).

**ii.    Count VII**

Count VII fails to state a cause of action for breach of contract because paragraph 162 is a conclusory statement without factual support to establish a material breach.  The Complaint baldly asserts a failure or delay by GMPC to transfer "accounts, customers, sales reps, and products" to Avid without identifying whether Avid claims failure or delay as to each category, and, if delay, when the transfer occurred.  This information is essential since Avid incorporates by reference the allegation that the agreement did not require "efforts to transition back to [AVID]" until some unknown time "[a]fter the expiration or termination" in Count VII.  Doc. 1, ¶¶ 41, 160 (incorporating by reference ¶ 41).

### iii.    Counts VIII, XIV, XV, XVII

Count VIII fails to state a cause of action for breach of contract for GMPC's continued use of marks, logo, etc.  Avid acknowledges GMPC's contractual post-termination sell-down right Avid merchandise—merchandise that bears Avid's marks, logo, etc. *See* Doc. 1, ¶ 106 ("GMPC could sell its [Avid] inventory through September 22, 2023").[6]  Despite Avid's acknowledgment of GMPC's contractual right, Avid alleges in pure conclusory fashion that GMPC's continued use of marks, logo, etc. is in "a manner that exceeds GMPC's limited-post termination right to sell-through certain branded Avid products."  Doc. 1, ¶ 167.  Avid fails to cite any

---

[6] GMPC disputes the termination and sell-down date; however, accepts the September 22, 2023 date for purpose of this argument.

contract provision or otherwise explain the specific "manner" it contends GMPC was required to use to sell branded products during the sell-down period.

In fact, GMPC's sell-down period is governed by Section 11.2 of the Merchandising License Agreement, which provides, in part, that "[s]uch sales shall be made subject to all of the provisions of this Agreement." Doc. 1, Ex. A, § 11.2. The provisions of the Merchandising License Agreement include GMPC's license to use the Avid marks with respect to the packaging, promotional and advertising material associated with the Licensed Property. These provisions apply during GMPC's sell-down period, not just the terms of the agreement that are beneficial to Avid. "[A]ll of the provisions of this Agreement" means what it says. GMPC continues to be obligated to pay AVID a 15% Sales Royalty during the sell-down period "[i]n consideration for the licenses granted" under the Licensing Agreement. Doc. 1, Ex. A, § 3.1. Avid fails to allege the manner in which GMPC's use of the Avid marks during the sell-down period was limited in any way, or how GMPC exceeded those limitations.

Similar to Count VIII, Count XIV relies on a nearly identical conclusory allegation that GMPC continued of Avid's mark and logo in "a manner that exceeds GMPC's limited-post termination right to sell-through certain Avid-branded merchandise." Doc. 1, ¶ 209. Again, Avid acknowledges GMPC's sell-down right

but fails to explain the specify alleged "manner" GMPC either could or could not use the mark and logo. Counts XV and XVII suffers the same malady.

Impliedly, Counts VIII, XIV, XV, and XVII recognize GMPC's right to use Avid's mark and logo in some capacity. Counts VIII, XIV, XV, and XVII fail to define or identify the post-termination "manner" restriction Avid contends applies to GMPC during the sell-down period. In the absence of a clear, identifiable "manner" restriction allegedly violated by GMPC, Counts VIII, XIV, XV, and XVII fail to state a cause of action.

### iv.    Counts IX and X

Counts IX and X fail to state cause of action for breach of implied covenant of good faith and fair dealing. It is axiomatic that breach of contract and breach of covenant of good faith and fair dealing are separate and distinct causes of action under Florida law. The latter is "usually raised when a question is not resolved by the terms of the contract or when one party has the power to make a discretionary decision without defined standards." *Meruelo v. Mark Andrew of Palm Beaches, Ltd.,* 12 So. 3d 247, 251 (Fla. 4th DCA 2009). "The implied obligation of good faith cannot be used to vary the express terms of a contract." *Cox v. CSX Intermodal, Inc.,* 732 So. 2d 1092 (Fla. 1st DCA 1999). In both Count IX and X, Avid alleges specific contractual responsibilities—both through incorporation by reference and in each Count itself—and then alleges "GMPC consciously and deliberately failed

to discharge the above contractual responsibilities…"  Doc. 1, ¶¶ 172, 182.  The purported breach of a contractual provision with defined standards, as is alleged in Counts IX and X, fails to state a cause of action for a breach of covenant of good faith and fair dealing.

## SUMMARY

For the reasons stated herein, this Court should dismiss Avid's Complaint based on waiver, improper venue, and the *Colorado River* doctrine and allow the parties to litigate the State Court Action.  Avid may assert claims in the State Court Action.  Alternatively, this Court should stay this litigation pending resolution of the State Court Action.

If this Court neither dismisses nor stay the action for the aforementioned reasons, this Court should dismiss Avid's Complaint as "shotgun" pleading and require any amended pleading to clearly set forth allegations Avid contends supports each specific cause of action.  Alternatively, this Court should dismiss Counts IV through X, XIV, XV, and XVII.  GMPC requests any other relief this Court deems just and equitable under the circumstances.

## LOCAL RULE 3.01(g) GOOD FAITH CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that he discussed the relief sought in this Motion with opposing counsel on October 17 and 18, 2023 via

#19559968v1

teleconference.  Avid Sportswear, LLC does not consent to relief requested in this Motion at this time.

**SHUMAKER, LOOP & KENDRICK, LLP**

By:    */s/ Brian W. Schaffnit*
JONATHAN J. ELLIS, ESQ.
Florida Bar No. 863513
jellis@shumaker.com
ccheaney@shumaker.com
BRIAN W. SCHAFFNIT, ESQ.
Florida Bar No. 582972
bschaffnit@shumaker.com
mdesilles@shumaker.com
THOMAS F. McDONNELL, JR., ESQ.
Florida Bar No. 113349
tmcdonnell@shumaker.com
dmazzarella@shumaker.com
101 East Kennedy Boulevard - Suite 2800
Tampa, Florida 33602
PH:  (813) 229-7600
FAX:  (813) 229-1660
*Counsel for GMPC, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Brian W. Schaffnit*
Attorney